CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1921.

BELMONT IRRIGATING CANAL & WATER POWER COMPANY, APPELLANT, V. BRIDGEPORT IRRIGATION DISTRICT ET AL., APPELLEES.

FILED APRIL 11, 1921. No. 21291.

Waters: PETITION: SUFFICIENCY. Substance of petition for injunction set out in the opinion, and *held* that it does not state facts showing plaintiff entitled to the relief prayed.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*C. G. Perry* and *Ritchie & Canaday*, for appellant.

*Williams, Hurd & Neighbors, contra.*

MORRISSEY, C. J.

This is an appeal from a judgment sustaining a demurrer to plaintiff's petition.

Plaintiff filed its petition in the district court for Morrill county seeking to enjoin defendant Bridgeport Irrigation District from delivering to John Marshall Hanway, his tenants or employees, water for irrigation purposes upon the W.½ of the S.W.¼ of section 26, and the E.½ of the S.E.¼ of section 27, in township 19, north of range 49, in Morrill county, Nebraska. The petition alleges that plaintiff is a corporation organized under the laws of Nebraska for the purpose of applying for an appropriation of water for the irrigation of certain lands lying between its canal and the North Platte river; that

(1)

it did secure such an appropriation, and, for the purpose of conducting water to the land to be supplied, constructed what is commonly known as the "Belmont Canal;" that from the headgate "the said canal follows a contour line for more than 41 miles from the headgate, and was built to irrigate various tracts of land," including the land above described; that thereafter plaintiff acquired title to a large acreage of land for which the appropriation was made, and built laterals to carry water to a controlling point on or near most of the governmental subdivisions of the land described in the appropriation, and, in constructing the laterals to carry water to much of the land owned by the plaintiff, they were necessarily constructed adjacent to or across some intervening lands, the title of which was not held by the plaintiff, and such was the land herein involved; that after plaintiff had constructed a canal it offered to sell and deliver water to parties having land within the proper boundaries at the rate of $16.25 an acre for a perpetual right, subject to an annual charge for the cost of maintenance of the canal; that defendant Bridgeport Irrigation District was organized under the law of Nebraska for the purpose of taking over and operating plaintiff's canal, and plaintiff sold and conveyed to the defendant district "its irrigating canal, * * * together with its right of way, * * * and its franchise." It is further alleged that it was agreed that, before admitting other lands into the district, the grantee under the deed would require applicants to show that they had acquired the right to water from plaintiff, and plaintiff stipulated that such right might be acquired for $16.25 an acre, on terms. Plaintiff had theretofore obtained appropriations for land, a part of which was beyond the limits of the original irrigation district, and it was agreed that defendant district should carry water for and distribute the same to such lands upon terms specified in the contract. It is alleged that the land hereinbefore described lay within the boundaries of defendant district and was owned by one John Marshall

Hanway; that by fraud, misrepresentation, or mistake it had been included within the limits of defendant district as land that had already obtained or else had consummated negotiations for the purchase of a perpetual water right from plaintiff, and that it had been so included without the knowledge, consent, or approval of plaintiff, and that plaintiff did not acquire such knowledge until June 1, 1918; that defendant Bridgeport Irrigation District has delivered water to such land, and that same has been used for the irrigation of crops grown thereon, and that the land was not entitled to water. Plaintiff claims the right to sell a perpetual water right to the land mentioned, and denies the right of defendant district to furnish water for the Hanway land until the owner concludes the necessary negotiations with plaintiff.

The petition shows that after the organization of defendant district plaintiff executed its deed conveying the property mentioned in the petition. It is expressly alleged that the Hanway land then formed a part of defendant district. It is not alleged that defendant district practiced any fraud upon plaintiff in procuring the deed, nor is any mutual mistake alleged. It does not appear that defendant district has violated the contract as written. It is not bound under its contract to collect any sum whatever for the benefit of plaintiff for water furnished to land lying within its boundaries. To be sure the petition alleges that the Hanway land was "by fraud, misrepresentation, or mistake included within" defendant district, but the party guilty of the fraud is not named, nor is any specific mistake or fraudulent act pointed out except the statement that plaintiff did not have knowledge that this land was included within the district until June 1, 1918. However, no effort has been made to reform the deed; it is in full force and effect; and the demurrer was properly sustained.

AFFIRMED.